IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN M. RAMIREZ-ORTIZ
Plaintiff

vs

CIVIL 06-1879CCC

ANA E. CUCURELLA-RIVERA
CARIBBEAN UNIVERSITY, INC.

Defendants

## OPINION AND ORDER

The action before us is one for age and sex discrimination in the workplace filed by plaintiff Edwin M. Ramírez-Ortiz pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e <u>et. seq.</u> and the Age Discrimination in Employment Act (ADEA), as well as pendant claims under various Puerto Rico laws. The action is now before us on defendant Ana E. Cucurella Rivera's Motion for Judgment on the Pleadings, which is actually a motion to dismiss for failure to state a claim pursuant to Fed.R.Cv.P. 12(b)(6), filed November 22, 2006 (**docket entry 8**). The motion remains unopposed, and plaintiff has not requested an extension of time to respond to the motion.

Cucurella moves this court to dismiss the claims against her under Title VII, the ADEA, and Puerto Rico Law 80, contending that an individual defendant is not liable under these statutes; only the employer, in this case co-defendant Caribbean University, Inc., responds for damages under these laws.

The complaint is not divided into separate claims and it is impossible to determine under which laws plaintiff seeks damages from which defendant. Therefore, for purposes of Cucurella's motion, we will consider that Ramírez' claims under these three laws are brought against both defendants.

This court has consistently ruled against individual liability under Title VII. See, e.g., <u>Miró Martínez v. Blanco Vélez Store, Inc.</u>, 393 F. Supp. 2d 108, 113 (D. Puerto Rico 2005);

CIVIL 06-1879CCC                          2

Rivera Sánchez v. Autoridad de Energía Eléctrica, 360 F. Supp. 2d 302, 317 (D. Puerto Rico 2005); Vélez -Sotomayor v. Progress Cashing & Carry, Inc., 279 F. Supp. 2d 65(D.P.R. 2003); Padilla-Cintrón v. Roselló-González, 247 F. Supp. 2d 654 ( D.P.R. 2003).

This district has followed the majority of circuits that have confronted the issue of individual liability and have held that no personal liability can attach to agents and supervisors under Title VII, ADA, ADEA, or COBRA.  See, Rivera-Sánchez, supra, at 317; Vizcarrondo v. Board of Trustees of the U.P.R., 139 F. Supp. 2d 198, 202 (D. Puerto Rico 2001); Juliá v. Jansen, Inc., 92 F. Supp. 2d 25, 28-29 (D. Puerto Rico 2000); Flamande v. American International Group, Inc., 876 F. Supp. 356, 361-64 ( D. Puerto Rico 1994).

Similarly,  it has been established in this district  that individuals are not personally liable under Puerto Rico Law 80.  Vélez-Nieves v. Microsoft Caribbean Inc., 2006 WL1805689 *7 (March 15, 2006); Miró Martínez v. Blanco Vélez Store, Inc., 393 F. Supp. 2d 108, 113 (D.P.R. 2005); Flamande, supra, at 364.

For the above-stated reasons, the motion to dismiss (**docket entry 8**) is GRANTED. Claims against defendant Cucurella pursuant to Title VII, ADEA and Law 80[1] are DISMISSED. The Court notes that the only remaining claim against this defendant is a pendent claim under Law 100.

SO ORDERED.

At San Juan, Puerto Rico, on December 20, 2006.

                                          S/CARMEN CONSUELO CEREZO
                                          United States District Judge

---

[1] Cucurella also requests dismissal of a claim under Law 3 of March 13, 1942.  While this law, codified at 29 L.P.R.A. §467 et seq., is mentioned in the jurisdictional paragraph, it addresses protection for working mothers, e.g. maternity leave.  There is no such claim in the complaint for dismissal.