IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN M. RAMIREZ-ORTIZ

Plaintiff

vs                                                    CIVIL 06-1879CCC

ANA E. CUCURELLA-RIVERA
CARIBBEAN UNIVERSITY, INC.

Defendants

## OPINION AND ORDER

The action before us is brought pursuant to Title VII, 42 U.S.C. §2000e and the Age

Discrimination in Employment Act (ADEA) with pendant claims under Puerto Rico law.  It

alleges discrimination based on sex and age.  Before us now is defendants' Ana Cucurella

Rivera and Caribbean University Inc.'s Motion to Dismiss filed June 21, 2007 (**docket**

**entry 30**), which plaintiff opposed (**docket entry 33**), and to which movants replied

(**docket entry 35**).

The theory on which the dismissal motion is based is that plaintiff failed to exhaust

administrative remedies because he filed this action before the Equal Employment

Opportunity Commission issued a right-to-sue letter (RTS).  This lawsuit was filed September

6, 2006.  Movants state, at page five of their motion:

> Instead of the Notice Right to Sue, the [plaintiff] produced
> the State agency standard letter in the Spanish language from
> the Antidiscrimination Unit, dated August 8, 2006 in which it
> accepts the voluntary dismissal of the charge before it,
> authorizes the filing of lawsuit, closes the case, and notifies the
> EEOC. That is the standard administrative proceeding of the
> State agency, and subsequently the individual can then proceed
> to file the lawsuit under the laws of Puerto Rico in the Local
> Court, but must exhaust the administrative proceedings provided
> in the federal statutes for the purpose of a federal lawsuit.

(Emphasis in the original.)  Defendants contend that this suit was filed without compliance

with the federal exhaustion requirements having been completed.

In response to defendants' contention that Ramírez-Ortiz had not yet received the RTS, plaintiff alleges that the state agency notified the EEOC on August 8, 2006 and that on November 7, 2006, the EEOC sent an RTS to plaintiff at his last known  address, but

> "[b]y an [unknown] reason the Notice of Right to Sue was 'returned to sender' by the US Postal Service, Cupey Station on November 28, 2006. No notification of such correspondence was received in the mail by plaintiff . . . at his last known address.  It was [not] until January 23, 2007 that the EEOC received the Notice of Right to Sue returned by US Postal Service....
>
> It was since July 2, 2007 that plaintiff received the EEOC's Notice of Right to Sue, which means that the time of the 90 days will be prescribed after date of receipt of the right to Sue letter.

(Citations to attachments omitted.)

By the plaintiff's own calculation, his lawsuit, filed September 6, 2006, was submitted more than two months before the postal service attempted delivery of the RTS and approximately ten months before he actually received it.[1]

Premature Filing of the Complaint

A plaintiff must exhaust his administrative remedies, including all EEOC procedures, before proceeding under Title VII in federal court. Frederique-Alexandre v. Department of Natural and Environmental Resources, 478 F.3d. 433, 440 (1st Cir.2007); Lebrón-Ríos v. U.S. Marshal Serv., 341 F.3d. 7, 13 (1st Cir. 2003).  The exhaustion requirement is not a jurisdictional prerequisite, but rather is subject to waiver, estoppel, and equitable tolling.  478 F.3d. at 440.  The failure to obtain a right to sue letter prior to the commencement of a suit is a curable defect Martin v. Central States Emblems, Inc., 150 Fed. Appx. 852, 855, n.3 (10th Cir. 2005), quoting Jones v. Am. State Bank, 857 F.2d 494, 499 (8th Cir. 1988).  A Title VII complainant may file an action prior to receiving a right to sue letter, provided there is no

---

[1]At this point we note that defendants waited almost ten months before they raised the issue of prematurity of the suit with the court.

evidence showing that the premature filing precluded the EEOC from performing its administrative duties or that the defendant was prejudiced by such filing.  Martin, supra, quoting Edwards v. Occidental Chem Corp., 892 F.2d 1442, 1445 n.1 (9th Cir. 1990). See, also, Kane v. State of Iowa Dep't of Human Servs., 955 F. Supp. 1117, 1137 (N.D. Iowa1997) (holding no refiling or amendment of the complaint to state that the right to sue letter had been received was required; mere receipt of the letter was sufficient to cure the defect.)  Defendants allege neither prejudice to the EEOC's administrative procedure nor to themselves.

Expiration of the Ninety Days to File Suit

        Seizing plaintiff's narration of how the RTS was actually issued on November 7, 2006, defendants now argue in their unauthorized reply[2] that the suit was untimely filed because the 90 days to file suit expired in early February, 2007; that is, 90 days after the RTS was mailed.  The cut off date, however, is not 90 days after the RTS is mailed; rather, it is 90 days after its receipt.[3]  As stated above, the complaint before us was filed two months before the November, 2006 RTS was issued. Therefore,  the ninety-day term argument is irrelevant to the exhaustion issue.

        For the above stated reasons,  the defect of the premature filing of this law suit having

_____

    [2]The court will allow the filing nunc pro tunc of the reply filed without leave of court. The defendants are admonished, however, that any reply must be tendered as an attachment to a motion for leave to file it, and not filed under a separate docket entry number.

    [3]Defendant's statement at page 3 of their reply to the effect that the " the 90 days limitation period begins as of the date the letter is mailed." (Emphasis in the original) is both incomplete and incorrect.  The information related to filing a suit under the laws enforced by the EEOC, which was included with the RTS, taken in context, is as follows: In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice.(emphasis in the original). The last paragraph states, **in its entirety**: "Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this notice was mailed to you (as indicated where the Notice is signed) or the date of the postmark, if later. "  (Our emphasis.)  Filing of the suit on one of these dates certain would avoid questions about when the RTS was actually received.

CIVIL 06-1879CCC                                    4

been cured the receipt of the RTS, defendant's Motion to Dismiss (**docket entry 30**) is

DENIED.

      SO ORDERED.

      At San Juan, Puerto Rico, on August 20, 2007.


                                  S/CARMEN CONSUELO CEREZO
                                  United States District Judge